UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **PATRICK A. WHITE, SR.** | **CIVIL ACTION NO. 5:14-cv-3049** |
| **TEX. DOC #827179** | |
| **VS.** | **SECTION P** |
| | **JUDGE DONALD E. WALTER** |
| **TEXAS DEPARTMENT OF** | |
| **CRIMINAL JUSTICE** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

On October 15, 2014 the Clerk of Court received forwarded correspondence from Patrick A. White, Sr., an inmate in the custody of Texas's Department of Criminal Justice (Department). White apparently mailed a copy of his hand-written letter to the Department's director to the Shreveport, Louisiana law firm of Davidson, Jones & Summers and they in turn forwarded the letter to the Clerk of Court. White's letter to the Director complained that he and other inmates are experiencing problems obtaining adequate medical care and that the Department continues to discriminate against inmates on the basis of race and sexual orientation.  Accompanying the letter to the Director was a cover-letter addressed to the Western District of Louisiana requesting that his "petition" be granted. The correspondence was therefore construed as a civil rights complaint filed pursuant to 42 U.S.C. §1983 and was duly filed and assigned the above noted Civil Action Number.

Section 1983 does not contain a venue provision; thus, venue is determined under the general venue provisions set forth in Title 28 U.S.C. § 1391.  When, as here, a civil action is not premised solely upon diversity jurisdiction, it may be brought only in (1) a judicial district <u>where any defendant resides</u>, (2) a judicial district <u>in which a substantial part of the events or omissions</u>

giving rise to the claim occurred, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). White, a Texas prisoner, seeks redress for Constitutional violations allegedly perpetrated by the Texas Department of Criminal Justice; clearly venue in this District is improper.

Therefore,

**IT IS RECOMMENDED** that the complaint be **DISMISSED WITHOUT PREJUDICE** to White's ability to re-file his complaint in a Court of proper venue and jurisdiction.[1]

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by**

---

[1] White's decision to file his complaint in the Western District of Louisiana is puzzling. Perhaps he sought to circumvent the bar imposed by 28 U.S.C. §1915(g) and recognized and enforced by an order of the United States District Court for the Northern District of Texas. *See Patrick Arnold White, aka Patrick A. White, Sr. v. Unit Law Library, et al*, Civil Action No. 2:12-cv-0002 (ND Tex.) at Docs. 6 and 7. As noted therein, White, while imprisoned and proceeding *in forma pauperis*, filed at least three complaints which were ultimately denied as frivolous and/or for failing to state a claim for which relief may be granted. Ordinarily, this Court would transfer an improperly filed pleading to the Court where venue is proper, however, given White's 3-strike status and his failure to submit the filing fee, transfer would serve no useful purpose.

**Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, January 6, 2015.

_____
**KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE**